IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. COOK,

      Petitioner,

  v.                                Case No. 2:15-cv-02669
                                     Judge Frost
STATE OF OHIO,                 Magistrate Judge King

      Respondent.

**OPINION AND ORDER**

      This is an action for a writ of habeas corpus under 28 U.S.C. § 22554. On February 1, 2016, the Magistrate Judge recommended that Respondent's *Motion to Dismiss* (ECF No. 13) be granted and that this action be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *Report and Recommendation* (ECF No. 18). Petitioner has objected to that recommendation. *Objection* (ECF No. 19.) Pursuant to 28 U.S.C. 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 19) is **OVERRULED.** The *Report and Recommendation* (ECF No. 18) is **ADOPTED** and **AFFIRMED.** Respondent's *Motion to Dismiss* (ECF No. 13) is **GRANTED.** This action is **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

      Petitioner's request for a certificate of appealability is **DENIED**.

      This case involves Petitioner's January 9, 2009, convictions in the Franklin County Court of Common Pleas on two counts of aggravated robbery, multiple counts of robbery, one count of kidnapping, one count of safecracking, and one count of having a weapon while under disability, with firearm specifications. The trial court imposed an aggregate term of 23 years' incarceration. On June 15, 2010, the state court of appeals affirmed the judgment of the trial court. *State v.*

*Cook*, Nos. 09AP316-17, 2010 WL 2396563 (Ohio App. 10th Dist. June 15, 2010).  Petitioner did not file an appeal to the Ohio Supreme Court from that decision. On June 27, 2012 – *i.e*., approximately two years later, Petitioner initiated a series of unsuccessful post conviction proceedings. *See Report and Recommendation,* PageID# 1074-1075.

On July 31, 2015, Petitioner filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he was denied his right to a speedy trial, was denied the effective assistance of trial counsel, was denied the effective assistance of appellate counsel, and is actually innocent (an argument that he bases on alleged expert opinion challenging eyewitness identification testimony).

In his objections to the Magistrate Judge's recommendation that this action be dismissed as untimely, Petitioner again argues that this action is timely under the authority of *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014), and *Paris v. Turner*, 187 F.3d 637, unpublished, 1999 WL 357815 (6th Cir. June 28, 1999).  Petitioner also insists that the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1)(B) should be equitably tolled. Specifically, Petitioner complains that his appellate counsel failed to advise Petitioner of the time limitations governing state post conviction petitions, appeals to the Ohio Supreme Court, applications to reopen the direct appeal pursuant to Ohio Appellate Rule 26(B), and federal habeas corpus actions under 28 U.S.C. § 2254. Petitioner maintains that he has diligently pursued relief and he explains that he waited to file this § 2254 action, in part, because the public defender advised him that he must exhaust state court remedies in order to obtain federal habeas corpus relief.[1]  Petitioner also

---

[1] In a letter dated December 15, 2011, the Office of the Franklin County Public Defender advised Petitioner that it could not assist him or provide him with advice regarding the time limitations for filing collateral actions.  It also indicated:

> If you wish to go to federal court, you must first exhaust your remedies in state court.  This means seeking review from the highest appellate court in the state, but does not necessarily require filing

2

contends that his actual innocence justifies equitable tolling of the statute of limitations in view of the unreliability of the testimony of prosecution witnesses and the unreliable nature of eye witness identification. This Court is not persuaded by these arguments.

The statute of limitations expired on July 31, 2011. Petitioner waited until July 20, 2015 – almost four years later – to execute the *Petition.* Despite Petitioner's arguments to the contrary, the record fails to reflect that he has acted diligently in pursuing relief or that some extraordinary circumstance prevented his timely filing such that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S. 641, 649 (2010). Any alleged failure on the part of Petitioner's appellate counsel to advise him of the time limitations governing other forms of relief under Ohio law or federal habeas corpus petitions does not constitute a state created impediment that prevented Petitioner from timely filing this action. The cases upon which Petitioner relies in this regard involve the ineffective assistance of counsel, which may constitute cause for a procedural default, and do not alter this Court's conclusion regarding the statute of limitations. Further, Petitioner was advised as early as December 2011 that the statute of limitations governing the filing of a § 2254 petition may have already expired, yet he waited years before instituting this habeas corpus action. Finally, Petitioner has failed to make a credible showing of actual innocence so as to justify a merits review of his time-barred claims. *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005).

For all these reasons, Petitioner's objections to the *Report and Recommendation* are **DENIED.**

---

a 26(B) motion or seeing [sic] post conviction relief. If your case was decided in 2010 you may already be past the deadline for filing in federal court.

*Exhibit 16-2* (ECF No. 16), PageID# 1060.

Petitioner has asked the Court to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). Where, as here, a court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner challenges his 2009 convictions. He executed his federal habeas corpus *Petition* almost four years after the statute of limitations had expired. For the reasons stated *supra*, Petitioner has failed to justify this lengthy delay in pursuing relief. Further, the record does not justify the equitable tolling of the statute of limitations, particularly for the time period at issue here. Under all these circumstances, the Court is not persuaded that reasonable jurists would debate whether the Court properly dismissed this case as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). The Court therefore **DECLINES** to issue a certificate of appealability.

Petitioner's *Objection* (ECF No. 19) is **OVERRULED.** The *Report and Recommendation* (ECF No. 18) is **ADOPTED** and **AFFIRMED.** Respondent's *Motion to*

*Dismiss* (ECF No. 13) is **GRANTED.**  This action is **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Petitioner's request for a certificate of appealability is **DENIED**.

  **/s/   GREGORY L. FROST**
GREGORY L. FROST
United States District Judge